UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ACER INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01885-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 440, 450, 467, 469, 471, 474 |
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASUSTEK COMPUTER INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01886-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 397, 407, 437, 439, 442 |
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HTC CORP, et al.,<br><br>    Defendants. | Case No. 18-cv-01887-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. No. 297 |

//

//

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br>    Plaintiffs,<br>v.<br>VISUAL LAND, INC.,<br>    Defendants. | Case No. 18-cv-01888-HSG<br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br>Re: Dkt. Nos. 371, 379, 397, 399, 401 |
| KONINKLIJKE PHILIPS N.V., et al.,<br>    Plaintiffs,<br>v.<br>YIFANG USA, INC.,<br>    Defendants. | Case No. 18-cv-01890-HSG<br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br>Re: Dkt. Nos. 351, 360, 377, 379, 381 |

Pending before the Court are the parties' administrative motions to seal various documents pursuant to Civil Local Rule 79-5. Dkt. Nos. 440, 450, 467, 469, 471, 474 (Case No. 18-cv-01885-HSG); Dkt. Nos. 397, 407, 437, 439, 442 (Case No. 18-cv-01886-HSG); Dkt. No. 297 (Case No. 18-cv-01887-HSG); Dkt. Nos. 371, 379, 397, 399, 401 (Case No. 18-cv-1888-HSG); Dkt. Nos. 351, 360, 377, 379, 381 (Case No. 18-cv-1890-HSG).

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the

2

public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

The various documents and portions of documents the parties seek to seal are more than

tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard.  The parties have provided a compelling interest in sealing portions of the various documents listed below because they contain confidential business information relating to the operations of various Defendants.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *3 (N.D. Cal. Apr. 6, 2016); *PQ Labs, Inc v. Qi*, No. C 12-1885-450 CW, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014).  The parties have identified portions of the unredacted versions of motions and exhibits as containing confidential business information; the Court finds sufficiently compelling reasons to grant the motions to file the below-indicated portions under seal.

For other documents listed below, the parties have failed to narrowly tailor the redactions to confidential business information.[1]

The parties request the following portions of the various documents be sealed:

| Docket Number Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|---|
| **1885-450-3; 1886-407-3;1888-379-3; 1890-360-3**/(1885-440-3; 1886-397-16; 1888-371-15; 1890-351-16) | Plaintiffs' Motion to Consolidate | Redacted portions identified in public filing | GRANTED |
| **No Public Version Filed**/(1885-440-4; 1886-397-4; 1888-371-3; 1890-351-4) | Ex. 2, Microsoft's Supplemental Responses/Objections to Philips' Interrogatories | Entire document | DENIED (not narrowly tailored, no supporting declaration) |
| **1886-404-1**/(1885-440-5; 1886-397-5; 1888-371-4; 1890-351-5) | Ex. 3, Excerpts from Jian Depo. | Redacted portions identified in public filing | GRANTED |
| **1885-447-1**/(1885-440-6; 1886-397-6; | Ex. 4, Excerpts from Huang Depo. | Redacted portions identified in public filing | GRANTED |

---

[1] A number of the parties' proposed redactions indicate that they are contingent upon a different party filing a declaration in support of those portions sought to be redacted.  As evidenced in the chart, the Court DENIES the sealing of documents relating to CBI for which no party has provided support.

4

| | | | |
|---|---|---|---|
| 1888-371-5; 1890-351-6) | | | |
| **1886-404-1**/(1885-440-7; 1886-397-7; 1888-371-6; 1890-351-7) | Ex. 5, Excerpts from Lai Depo. | Redacted portions identified in public filing | GRANTED |
| **1890-359-1**/(1885-440-8; 1886-397-8; 1888-371-7; 1890-351-8) | Ex. 6, Excerpts from Zhong Depo. | Redacted portions identified in public filing | GRANTED |
| **1885-447-2**/(1885-440-9; 1886-397-9; 1888-371-8; 1890-351-9) | Ex. 7, Objections/Responses to Philips' Interrogatories | Redacted portions identified in public filing | GRANTED |
| **1885-447-3**/(1885-440-10; 1886-397-10; 1888-371-9; 1890-351-10) | Ex. 8, First Supplemental Objections/Responses to Philips' Interrogatories | Redacted portions identified in public filing | GRANTED |
| **1886-404-2**/(1885-440-11; 1886-397-11; 1888-371-10; 1890-351-11) | Ex. 9, Objections/Responses to Philips' Interrogatories to Asus | Entire document | DENIED (not narrowly tailored, no supporting declaration) |
| **No Public Version Filed**/(1885-440-12; 1886-397-12; 1888-371-11; 1890-351-12) | Ex. 13, Objections/Responses to Philips' Interrogatory to Acer | Entire document | DENIED (not narrowly tailored, no supporting declaration) |
| **No Public Version Filed**/(1885-440-13; 1886-397-13; 1888-371-12; 1890-351-13) | Ex. 14, Objections/Responses to Philips' Interrogatory to Acer | Entire document | DENIED (not narrowly tailored, no supporting declaration) |
| **1886-404-1**/(1885-440-14; 1886-397-14; 1888-371-13; 1890-351-14) | Ex. 16, Objections/Responses to Philips' Interrogatories to Asus | Redacted portions identified in public filing | GRANTED |
| **1885-447-4**/(1885-440-15; 1886-397-15; 1888-371-14; 1890-351-15) | Ex. 18, Second Supplemental Objections and Responses to Philips' Interrogatories | Redacted portions identified in public filing | GRANTED |
| **1885-467-4; 1886-437-4; 1888-397-4; 1890-377-4**/(1885-467-5; 1886-437-5; | Plaintiffs' Reply to Microsoft's Opposition to Plaintiffs' Motion to | Redacted portions identified in public filing | GRANTED |

| | | | |
|---|---|---|---|
| 1888-397-5; 1890-377-5) | Consolidate | | |
| **Entire document sealed**/(1885-467-3; 1886-437-3; 1888-397-3; 1890-377-3) | Ex. 1, Excerpts from Shang Depo. | Entire document | GRANTED |
| **1885-471-3; 1886-439-3; 1888-399-3; 1890-379-3**/(1885-469-3; 1885-471-4; 1886-439-4; 1888-399-4; 1890-379-4) | Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Consolidate | Redacted portions identified in public filing | GRANTED |
| **1885-474-25; 1886-442-25; 1887-297-25; 1888-401-25; 1890-381-25**/(1885-474-26; 1886-442-26; 1887-297-26; 1888-401-26; 1890-381-26) | Plaintiffs' Reply to HTC's Response to Philips' Motion to Consolidate | Redacted portions identified in public filing | GRANTED |
| **No Public Version Filed**/(1885-474-3; 1886-442-3; 1887-297-3; 1888-401-3; 1890-381-3) | Ex. 3, Excerpts from Third Amended Infringement Contentions | Entire document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-4; 1886-442-4; 1887-297-4; 1888-401-4; 1890-381-4) | Ex. 4, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **1886-444-1**/(1885-474-5; 1886-442-5; 1887-297-5; 1888-401-5; 1890-381-5) | Ex. 5, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-6; 1886-442-6; 1887-297-6; 1888-401-6; 1890-381-6) | Ex. 6, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-7; 1886-442-7; 1887-297-7; 1888-401-7; 1890-381-7) | Ex. 7, Excerpts from Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-8; 1886-442-8; 1887-297-8; 1888-401-8; | Ex. 8, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 1890-381-8) | | | |
| **1886-444-1**/(1885-474-9; 1886-442-9; 1887-297-9; 1888-401-9; 1890-381-9) | Ex. 9, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-10; 1886-442-10; 1887-297-10; 1888-401-10; 1890-381-10) | Ex. 10, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-11; 1886-442-11; 1887-297-11; 1888-401-11; 1890-381-11) | Ex. 11, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-12; 1886-442-12; 1887-297-12; 1888-401-12; 1890-381-12) | Ex. 12, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **1886-444-1**/(1885-474-13; 1886-442-13; 1887-297-13; 1888-401-13; 1890-381-13) | Ex. 13, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-14; 1886-442-14; 1887-297-14; 1888-401-14; 1890-381-14) | Ex. 14, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-15; 1886-442-15; 1887-297-15; 1888-401-15; 1890-381-15) | Ex. 15, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-16; 1886-442-16; 1887-297-16; 1888-401-16; 1890-381-16) | Ex. 16, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **1886-444-1**/(1885-474-17; 1886-442-17; 1887-297-17; 1888-401-17; 1890-381-17) | Ex. 17, Excerpts from Third Amended Infringement Contentions | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-18; 1886-442-18; 1887- | Ex. 18, Excerpts from Huang Depo. | Entire Document | DENIED (no supporting declaration) |

| | | | |
|---|---|---|---|
| 297-18; 1888-401-18; 1890-381-18) | | | |
| **No Public Version Filed**/(1885-474-19; 1886-442-19; 1887-297-19; 1888-401-19; 1890-381-19) | Ex. 19, Excerpts from Chiu Depo. | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-20; 1886-442-20; 1887-297-20; 1888-401-20; 1890-381-20) | Ex. 20, Excerpts from Pan Depo. | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-21; 1886-442-21; 1887-297-21; 1888-401-21; 1890-381-21) | Ex. 21, Excerpts from Lin Depo. | Entire Document | DENIED (no supporting declaration) |
| **No Public Version Filed**/(1885-474-22; 1886-442-22; 1887-297-22; 1888-401-22; 1890-381-22) | Ex. 22, Excerpts from Yeh Depo. | Page 99, line 1 through page 102, line 24 | GRANTED |
| **1886-444-2**/(1885-474-23; 1886-442-23; 1887-297-23; 1888-401-23; 1890-381-23) | Ex. 23, Excerpts from Huang Depo. | Entire Document | GRANTED |
| **No Public Version Filed**/(1885-474-24; 1886-442-24; 1887-297-24; 1888-401-24; 1890-381-24) | Ex. 24, Excerpts from Zhong Depo. | Entire Document | DENIED (no supporting declaration) |

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 440 and 474 (Case No. 18-cv-1885-HSG); Dkt. Nos. 397 and 442 (Case No. 18-cv-1886-HSG); Dkt. No. 297 (Case No. 18-cv-1887-HSG); Dkt Nos. 371, 401 (Case No. 18-cv-1888-HSG); and Dkt. Nos. 351, 381 (Case No. 18-cv-1890-HSG) and **GRANTS** Dkt. Nos. 450, 467, 471 (Case No. 18-cv-1885-HSG); Dkt. Nos. 407, 437, 439 (Case No. 18-cv-1886-HSG); Dkt. Nos. 379, 397, 399 (Case No. 18-cv-1888-HSG); and Dkt. Nos. 360, 377, 379 (Case No. 18-cv-1890-HSG).  Dkt. No. 469 (Case No. 18-cv-1885-HSG) is terminated as moot.

1    The Court **DIRECTS** the parties to file public versions of all documents for which the
2 proposed sealing has been denied and/or for which no public version has been filed, as indicated in
3 the chart above.  Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which
4 the administrative motions are granted will remain under seal.  The public will have access only to
5 the redacted versions accompanying the administrative motions.

6    **IT IS SO ORDERED.**

7 Dated: 9/24/20187

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge