UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ACER INC., et al.,<br><br>        Defendants. | Case No. 18-cv-01885-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONSOLIDATE AND DENYING MICROSOFT'S CROSS-MOTION TO SEVER**<br><br>Re: Dkt. Nos. 442, 454 |
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ASUSTEK COMPUTER INC., et al.,<br><br>        Defendants. | Case No. 18-cv-01886-HSG<br><br>Re: Dkt. Nos. 398, 411 |
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HTC CORP, et al.,<br><br>        Defendants. | Case No. 18-cv-01887-HSG |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br>   Plaintiffs,<br> v.<br>VISUAL LAND, INC.,<br>   Defendants. | Case No.  18-cv-01888-HSG<br><br>Re: Dkt. Nos. 372, 382 |
| KONINKLIJKE PHILIPS N.V., et al.,<br>   Plaintiffs,<br> v.<br>DOUBLE POWER TECHNOLOGY, INC., et al.,<br>   Defendants. | Case No.  18-cv-01889-HSG |
| KONINKLIJKE PHILIPS N.V., et al.,<br>   Plaintiffs,<br> v.<br>YIFANG USA, INC.,<br>   Defendants. | Case No.  18-cv-01890-HSG<br><br>Re: Dkt. Nos. 352, 364 |

Pending before the Court is a motion to consolidate filed by Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips"), Dkt. No. 442[1] (filed publicly at Dkt. No. 450-3), and a cross-motion to sever filed by Defendant Microsoft Corp. ("Microsoft"), Dkt. No. 454. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to consolidate and DENIES Defendant Microsoft Corporation's cross-motion to sever.

---

[1] Unless otherwise indicated, all docket citations in this order reference the docket in Case Number 18-cv-01885-HSG.

2

## I. BACKGROUND

In December 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips") sued defendants Acer Inc. and Acer America Corp. ("Acer"), ASUSTeK Computer Inc. and ASUS Computer International ("ASUS"), HTC Corp and HTC America, Inc. ("HTC"), Visual Land, Inc. ("Visual Land"), Double Power Technology, Inc. ("Double Power"), and YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang"), alleging patent infringement involving eleven patents[2] (the "patents-in-suit"). Dkt. No. 1. In November 2016, Microsoft intervened in the actions against Acer, ASUS, Visual Land, Double Power[3], and YiFang. Dkt. No. 69. Philips then counterclaimed against Microsoft for infringement of nine of the patents-in-suit. Dkt. No. 86.

Philips contends that the accused Acer, ASUS, Visual Land, and YiFang products that run a Microsoft Windows operating system infringe several of the patents-in-suit in the same way. Dkt. No. 450-3 at 10–11. All other accused products run a non-Windows based operating system, with some running the Android operating system, and others running the Chrome operating system. Dkt. No. 450-3 at 13. In the pending motion, Plaintiffs move to consolidate all defendants with products that run the Microsoft Windows operating system for the purpose of multiple joint trials on those products. Dkt. No. 450-3. Defendant Microsoft, in opposition, moves to sever all claims against Microsoft from the cases in which Microsoft intervened. Dkt. No. 454.

## II. LEGAL STANDARD

### A. Trial Consolidation under the AIA

The America Invents Act (AIA), 35 U.S.C. § 299, specifically addresses joinder and consolidation of parties in patent suits:

> parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if--

---

[2] The Philips suits allege infringement of certain claims of U.S. Patent Nos. RE44,913 ("the '913 patent"); 6,690,387 ("the '387 patent"); 7,184,064 ("the '064 patent"); 7,529,806 ("the '806 patent"); 5,910,797 ("the '797 patent"); 6,522,695 ("the '695 patent"); RE44,006 ("the '006 patent"); 8,543,819 ("the '819 patent"); 6,772,114 ("the '114 patent"); RE43,564 ("the '564 patent"); and 9,436,809 ("the '809 patent").
[3] Double Power and all other defendants in the Double Power action other than Microsoft were voluntarily dismissed on June 19, 2018. 4:18-cv-01889 Dkt. No. 326.

3

> **(1)** any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> **(2)** questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C.A. § 299(a).

Joinder in patent cases is governed by Federal Circuit law "because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law." *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012). Such "[j]oinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent. But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under [pre-AIA] Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *Id.* at 1359. "[E]ven if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* at 1360; *see also In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013)[4] (noting that Section 299 requirements are "necessary, but not sufficient, conditions for joinder").

### B.     Consolidation Under FRCP 42(a)

Although Section 299 governs joinder of parties and consolidation for purposes of trial, it does not set requirements for pre-trial consolidation. *See Auto-Dril, Inc. v. Canrig Drilling Tech., Ltd.*, No. 6:15-CV-00096, 2015 WL 12780793, at *4 (W.D. Tex. June 29, 2015) (noting that "[n]umerous federal district courts across the country have construed § 299 . . . to allow consolidation for pre-trial purposes," and collecting cases); *see also Freeman v. Delta Air Lines, Inc.*, No. C 13-04179 JSW, 2014 WL 5830246, at *6 (N.D. Cal. Nov. 10, 2014) ("[T]he AIA does

---

[4] As an unpublished Federal Circuit decision, *In re Nintendo Co., Ltd.* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

not refer to pre-trial consolidation."). "In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only a common question of law or fact." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they "involve a common question of law or fact." The district court enjoys "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this "broad discretion," the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

### C. Severance

Federal Rule of Civil Procedure 42(b) provides that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The Court has broad authority under Rule 42(b) to separate parties, claims, and issues. *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1317–18 (Fed. Cir. 2013) (as a "general matter," courts may bifurcate issues in patent cases under Rule 42(b)). In fact, one leading treatise has noted that, "Rule 42(b) . . . giv[es] the district court virtually unlimited freedom to try the issues in whatever way trial convenience requires." Charles A. Wright, *et al.*, 9A Federal Practice & Procedure (Trials) § 2387 (3d ed. rev. 2015).

## III. DISCUSSION

### A. Plaintiffs' Motion to Consolidate

#### i. Pre-Trial Consolidation

The Court recognizes the massive logistical issues presented by each of these cases proceeding independently, and, in its discretion under Rule 42(a), consolidates all six cases for all pre-trial purposes.

### ii. Plaintiffs' Proposed Trial Consolidation

Plaintiffs contend that the "infringement case is [] essentially the same for all Defendants as it pertains to their Windows-Based Products." Dkt. No. 450-3 at 3. Plaintiffs propose two pairs of trials, the first pair addressing products that run the Windows operating system and involving defendants Microsoft, Acer, ASUS, Visual Land, and YiFang, and the second pair involving only defendant HTC. Dkt. No. 450-3 at 4. Plaintiffs then propose an undetermined number of further trials addressing various Acer, ASUS, Visual Land, and YiFang products that use the Android or Chrome operating systems. *Id.* Plaintiffs' motion for consolidation is directed exclusively to the first pair of proposed trials. Dkt. No. 475 at 1.

It is unnecessary for the Court to evaluate whether Section 299 permits trial consolidation for five of the six defendants regarding some subset of the accused products and nine of the eleven patents-in-suit, because the Court finds Plaintiffs' proposal to be thoroughly unworkable and fundamentally less efficient than the default practice of each case proceeding to trial independently. The Court, in its discretion, therefore **DENIES** Plaintiffs' motion with respect to trial consolidation.

### B. Defendant Microsoft's Cross-Motion to Sever

Microsoft requests that the Court sever all of Plaintiffs' claims against Microsoft and schedule a first trial addressing only Windows-based infringement. Dkt. No. 454 at 16–25. The Court need not sever claims against Microsoft to schedule such a trial. Case Number 4:18-cv-01889-HSG involves only Philips and Microsoft, and there are no apparent objections to scheduling trial between those parties before any other trial in these matters. Microsoft's only further argument for severance is that it should not be subjected to multiple trials, as it would be under Plaintiffs' proposed trial consolidation. Dkt. No. 454 at 24–25. Given that the Court does not adopt Plaintiffs' proposed consolidation plan, and because Microsoft intervened in each of the five cases from which it now requests to be severed, the possibility that Microsoft will be subjected to multiple trials does not persuade the Court to sever Microsoft's claims at this time. The Court therefore **DENIES** Defendant Microsoft's cross-motion to sever.

## IV. CONCLUSION

Good cause appearing therefor, the cases captioned *Koninklijke Philips N.V. v. Acer Inc.*, Case No. 4:18-cv-01885; *Koninklijke Philips N.V. v. ASUSTeK Computer Inc.,* Case No. 4:18-cv-01886; *Koninklijke Philips N.V. v. HTC Corp.*, Case No. 4:18-cv-01887; *Koninklijke Philips N.V. v. Visual Land, Inc.*, Case No. 4:18-cv-1888; *Koninklijke Philips N.V. v. Double Power Tech., Inc.*, Case No. 4:18-cv-01889; and *Koninklijke Philips N.V. v. YiFang USA, Inc.*, Case No. 4:18-cv-01890 are hereby consolidated for all pre-trial purposes. The earliest filed civil action, Case No. 4:18-cv-01885, shall serve as the lead case. The clerk is directed to administratively close the later-filed civil actions, Case Nos. 4:18-cv-01886, 4:18-cv-01887, 4:18-cv-01888, 4:18-cv-01889, and 4:18-cv-01890. All future filings should be done in the lead case (Case No. 4:18-cv-01885) only and should be captioned "In Re Koninklijke Philips Patent Litigation."

At the upcoming case management conference on October 2, 2018, the parties should be prepared to discuss a schedule and sequence for the trials in these cases.

**IT IS SO ORDERED.**

Dated: 9/24/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7